ARCHIBALD, Justice.
A Justice of the Superior Court, in a jury waived trial, found the defendant guilty of attempted robbery. 17 M.R.S.A. § 251.
Defendant has appealed.
We deny the appeal.
In announcing his verdict, the Justice stated:
“I am making a finding of guilty against this defendant based upon the following findings of fact: 1. That this defendant’s acts consisted of more than being present at the time of the principal attempting robbery in that he encouraged the commission of the crime by being present during the actual event. The Court concludes this from the fact that it is incredulous for this court to believe that this defendant and the principal actor were in the vicinity of the crime for three hours without having discussed in some detail the events to take place.
This Court can conclude, and does in fact conclude, that the concerted participation consists of knowledge on the part of the defendant, plus his actual presence during the commission of the crime, both together making this defendant a principal.

I have made a note on the record your total participation in this crime was in the nature of moral support to the primary mover in this case but that in and of itself fits you into the category of being a principal.”
The trial transcript fully supports these ultimate factual conclusions of the Justice below. However, since appellant failed to move for a judgment of acquittal at the close of all the evidence (Rule 29(a), M.R.Crim.P.) or within 10 days after the rendition of the verdict (Rule 29(b), M.R.Crim.P.) and filed no motion for a new trial pursuant to Rule 33, M.R.Crim. P., the sufficiency of the evidence to support the guilty verdict is not reviewable. State v. Mower, 317 A.2d 807 (Me.1974).
Our review is limited to such “obvious errors or defects affecting substantial rights” as the record may disclose. Rule 52(b), M.R.Crim.P. Appellant urges that the guilty verdict, being premised on an erroneous legal hypothesis, demonstrates such error. We disagree.
In Mower we pointed out:
“To be found guilty as a principal . . . an accused must have either been the perpetrator of the crime himself or, while being actually or constructively present, aided and abetted its commission” ;
and that:
“While aiding and abetting requires more than mere presence, presence under some circumstances may itself indicate an active encouragement of the crime.”
State v. Mower, 317 A.2d at 810, 812.
*770 Since the factual findings quoted herein include (1) defendant’s prior knowledge of the planned robbery, (2) his willing presence during the attempted robbery, and (3) the consequent moral support [i. e., encouragement] given to the principal actor, there was, under Mower, an adequate legal basis for the finding of guilt. See State v. Berube, 158 Me. 433, 185 A.2d 900 (1962); State v. Burbank, 156 Me. 269, 163 A.2d 639 (1960).
Appellant has raised one other point on appeal. A witness had seen Walsh a few moments prior to the attempted robbery and described him as “acting kind of nervous.” She reached this conclusion because “[h]e held a glass of Coke in his hand and was fumbling around with the glass” and “[h]e kept looking this way and that way, not doing much.” There is not the slightest suggestion that the Justice below attached any significance to this testimony. In any event, evidence of this type is not considered opinion evidence but, since people generally are accustomed to making similar evaluations of human conduct, is admissible as a conclusion of fact. State v. Buzynski, 330 A.2d 422 (Me. 1974).
The entry is:
Appeal denied.
All Justices Concurring.